UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL
O'TOOLE, BENNY UMBRA, JOSEPH
FERRARA, FRANK FINKEL, MARC
HERBST, DENISE RICHARDSON, and
THOMAS CORBETT, as Trustees and
Fiduciaries of the Local 282 Welfare Pension,
Annuity, Job Training, and Vacation and Sick
Leave Trust Funds,

        Plaintiffs,

  -against-

360 TRANSFER, INC. and BROOK
COMMERICAL CORP.,

        Defendants.
------------------------------------------------------------X

For Online Publication Only

**ORDER**
14-CV-2584 (JMA) (SIL)

FILED
CLERK

1/26/2016 4:33 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

  Before the Court is defendant Brook Commercial Corp.'s motion to vacate the clerk's entry of default, and the plaintiffs' motion for default judgment. The motion to vacate is hereby granted. The motion for default judgment is granted only as to defendant 360 Transfer, Inc.'s liability. The Court defers the calculation of damages against defendant 360 Transfer, Inc. until a resolution of the claims against the non-defaulting defendant, Brook Commercial Corp.

## I. Background

  Plaintiffs, in their capacities as trustees and fiduciaries of employee benefit plans, filed this suit against defendants to recover unpaid contributions, interest, and other damages stemming from alleged breaches of a collective bargaining agreement ("CBA"). The suit seeks relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

1

§§ 1132 and 1145 and the Labor Management Relations Act of 1947 ("LMRA"), 20 U.S.C. § 185.

Defendant 360 Transfer, Inc. ("Transfer") is a member of a multiemployer collective bargaining association and is bound by the CBA. (Compl. ¶ 15.) The funds are third-party beneficiaries of the CBA. (Id. ¶ 12.) Brook Commercial Corp. ("Brook") is not a signatory to the CBA. (Id. ¶ 38.) Plaintiffs allege that Brook is subject to the CBA by virtue of its relationship with Transfer because they "share an alter ego, single employer, and/or double breasted relationship . . . ." (Id. ¶ 41.)

Defendants were served with the complaint on May 7, 2014, and did not appear. In February 2015, plaintiffs obtained a clerk's entry of default against both defendants. In August 2015, plaintiffs served both defendants at the same business address with their motion for default judgment. In September 2015, Brook appeared and filed its motion to vacate.

## II. Discussion

Brook moves pursuant to Federal Rule of Civil Procedure 55(c) to set aside the entry of the clerk's certificate of default. In support of its motion, Brook denies plaintiffs' allegations regarding alter ego, single employer, and double breasted relationship. Furthermore, contrary to plaintiffs' belief, Brook does not share Transfer's business address, where plaintiffs served their request for certificate of default and motion for default judgment. (Mot. Vacate, Ex. B, ECF No. 22.3.)

In setting aside a default, the "good cause shown" standard requires that the court weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party. Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013). The Court has weighed these factors and finds that Brook has set forth a meritorious

defense and that its default was not willful.  Additionally, the Court finds there is insufficient prejudice to plaintiffs to weigh against the Court's vacating the default.  Therefore, the Court sets aside the clerk's entry of default as to Brook.

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  <u>Finkel v. Romanowicz</u>, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  <u>Id.</u>  The allegations in the complaint are sufficient to establish liability as to Transfer.  Because plaintiffs have alleged joint and several liability, the Court finds it appropriate to enter a finding only as to Transfer's liability at this time.

### III. Conclusion

For these reasons, defendant Brook's motion to vacate is hereby granted.  On plaintiffs' motion, the Court enters default judgment only as to defendant Transfer's liability.  The Court defers the calculation of damages against defendant Transfer until a resolution of the claims against the non-defaulting defendant, Brook.

Dated:  January 26, 2016
Central Islip, New York

                 /s/     (JMA)
                JOAN M. AZRACK
                UNITED STATES DISTRICT JUDGE